### CARTER OIL CO. v. PACIFIC-WYOMING OIL CO., ET AL.
(No. 1403; May 15, 1928; 267 Pac. 85)

362

*James A. Veasey* and *Hagens & Murane,* for plaintiff in error.

*F. A. Williams* and *F. Chatterton,* for defendants in error.

*Per Curiam*:

A petition for rehearing has been filed by the defendants in error in this case. And Glenn Jordan having died, Ida S. Jordan, his widow and assignee, has been substituted as a party herein, though according to a recent holding of this court, this was unnecessary herein.

Upon the filing of the petition for rehearing, we asked for additional briefs, which have been filed, and we have gone over them with a degree of care commensurate with the importance of the case. Section 27 of the Leasing Act, considered in the original opinion, was amended in 1926 (41 Stat. L. 437) whereby the limitation of the number of leases that may be issued to any party was eliminated, and a limitation of the number of acres that may be held by any party has been substituted therefor, the limitation of direct holdings on any one producing structure being fixed at 2560 acres, so that if that rule were applicable to the case at bar, our previous holding would be erroneous. Counsel for respondent maintain that the amendment of 1926 is but a construction of the act as originally enacted, and that the rule of the amendment should be applied. We are unable to concur with that contention. We think the provisions in

the amendment to be altogether different from the provisions of Section 27 as originally enacted, and that the rule of the amendment cannot be applied.

It is further contended that upon the issuance of a lease to the respective homesteaders, and the assignment thereof to the Carter Oil Company, the latter could have applied for and have obtained a consolidated permit. We are cited to a letter of the Assistant Secretary of the Interior of February 15, 1928, and to Elbe Oil and Development Company, 52 L. D. 282. Both the letter and the decision are based upon the amendment of 1926 above mentioned, and have, accordingly, no bearing in this case.

It is further contended that the Carter Oil Company could have required the homesteaders to consolidate their application for a permit or lease in accordance with the provisions of the Leasing Act, and that the contract with the homesteaders may fairly be construed to mean that the homesteaders would have been compelled to comply with a demand to that effect. We do not think that the contracts are capable of such construction. Each of the hometseaders agreed to do everything to enable the Carter Oil Company to acquire all rights which he had; neither undertook to do anything to enable that company to acquire any rights which anybody else had.

Counsel for defendants in error reargue at great length the various points decided adverse to them in the original opinion herein. But after mature deliberation we feel satisfied that our previous holding herein is correct. See Barnsdall v. Owen, 200 Fed. 519, to which our attention has been called, as sustaining our holding in regard to the so-called operating agreement. One trouble seems to be that counsel for defendants in error seem to feel, as they apparently state over and over again, that any sort of opportunity given the plaintiff in error was sufficient to make it liable for the whole amount sued for, and that permits did not have to ripen into any lease for that purpose. The difference between counsel and the court seems to be funda-

mental. We know of no permit issued under the Leasing Act which is anything but temporary, falling far short of giving the plaintiff in error the opportunity for which it contracted. We think we made this plain in the opinion rendered when this case was here upon the demurrer to the petition, and in which, we think, we went far enough in upholding some of the contentions of the counsel for defendants in error. Beyond that we cannot go. Unless the plaintiff in error had the opportunity of acquiring a lease or leases, the opportunity was not complete, and it must have existed pursuant to enforceable contractual provisions (supplemented, of course, by the Leasing Act) and not simply because the homesteaders might, voluntarily, have complied with requests that might have been made. We must not get away from the fact that the ultimate basis of liability, if any, must rest upon contract in this case.

We are asked to decide the point left open in our former opinion, whether plaintiff in error should in any event be liable for the extra bonus for 160 or 320 acres. Both parties have joined in asking that point to be decided. The point was not argued on the original hearing. Inasmuch as the case must go back for a new trial in any event, it is not necessary to be decided, and further, the trial court should have no difficulty in deciding it, in view of the position taken by counsel for the plaintiff in error, as shown by their brief herein.

The petition for rehearing is, accordingly, denied.